# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| TIMOTHY MICHAEL BRANDON,<br><br>    Plaintiff,<br><br>v.<br><br>THALRONE WILLIAMS, *Warden, Coastal State Prison*; RICHARD SUMMERS; CYNTHIA RIVERS; and BARBARA PRINCE,<br><br>    Defendants. | Case No. CV410-183 |

## REPORT AND RECOMMENDATION

Timothy Michael Brandon brought this failure-to-protect based, 42 U.S.C. § 1983 case against some of his jailers. He has been housed at the Coastal State Prison, which holds mental-health afflicted prison inmates. Doc. 14 at 2. While sitting on the floor talking to another inmate, fellow-inmate Victor Simmons suddenly walked up to him and beat him with a baseball bat. Doc. 14 at 2-3. He was seriously injured. *Id.* These assertions are undisputed. Doc. 38-1.

From there the parties diverge. Brandon says it took several minutes before prison guards intervened because "not one

officer/defendant was actually present of in the actual gym area . . . at the time of the attack, [and] during most all the (4)-hours while all 200-mental health prisoners were in the gym." *Id.* at 3. They were off in a side office, one which afforded them a limited view, laughing and drinking coffee. *Id.* These defendants (Richard Summers, Cynthia Rivers and Barbara Prince) plus the warden, he contends, are liable for failing to uphold their Eighth Amendment duty to protect him. *Id.* at 5.

After the Court screened this case, doc. 15, *reported* at 2011 WL 1984619, the defendants moved for summary judgment,[1] doc. 38, but

---

[1] Summary judgment is granted if there is no "genuine dispute of material fact." Fed.R.Civ.P. 56(a). In that respect,

> [t]he party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[ ] and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c) (1985)). The burden then "shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011). The nonmoving party does not "satisfy its burden if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). Instead, "the plain language of Rule 56[ ] mandates the entry of summary judgment[ ] ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

Brandon moved to "continue" the matter because, he claimed, prison authorities will not let him contact inmate witnesses for the written declarations he needs. Doc. 40 at 1-2. The Court denied his motion but granted him some more time to respond to the defendants' summary judgment motion. It also reminded him that he could invoke Fed. R. Civ. P. 56(d)[2] to show what evidence he in good faith believes (a) will support his case; (b) is reasonably obtainable with the judicial assistance he now seeks (an order compelling the prison to enable access to his inmate witnesses); and (c) thus will justify denial of summary judgment against him. Finally, it directed him to name each inmate witness, the expected sworn testimony he expected to elicit, and the name of the prison official(s) impeding his access to such evidence. Doc. 41.

Brandon has responded only with a 2-page "Response" brief bereft of argument, much less properly identified rebuttal evidence. Doc. 42.

---

*Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (footnote omitted). Noted that "[a]lthough the wording of Rule 56 has been amended, the standard remains the same." *Id.* at 1292 n. 33.

[2] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see also Shuler v. Ingram & Associates*, 441 F. App'x 712, 716 (11th Cir. 2011) ("Because courts cannot read minds[,] the party opposing the motion for summary judgment bears the burden of calling to the district court's attention any outstanding discovery.") (quotes, alteration, ellipsis and cite omitted).

In it he has simply enumerated the categories of papers forming the 63-page compilation of documents that he has also submitted, doc. 42-1. That compilation consists of things like his prison grievance, medical records, an incident report, and what appear to be some inmate witness statements collected by the prison post-incident. Doc. 42. He caps that off with a 1-page "Index" listing what is in that 63-page pile. Doc. 42-2.

Brandon has simply failed to comply with this Court's directions. Nor has he invoked Rule 56(d). He has filed nothing approaching a responsive summary judgment pleading. Instead, he apparently believes that he can submit a mass of source material and rely upon this Court to glean evidence from that, then write his brief for him. Of course, the Court can only construe what he writes liberally, not be his advocate. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sctry, Fla. Dep't of Corrs. v. Baker*, 406 F. App'x 416, 421 (11th Cir. 2010) ("Pro se pleadings must be liberally construed, though the courts may not serve as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action.").

Brandon, for that matter, is otherwise subject to the rules of the Court. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). He is "not

4

excused from the obligation to respond to a statement of material facts in the manner required by the rule." *Gillilan v. Broome*, 2010 WL 736894 at *3 n. 4 (S.D. Ga. March 1, 2010). Nor can he be excused from his litigation mistakes. *Nelson v. Barden*, 145 F. App'x 303, 311 n. 10 (11th Cir. 2005) ("[A] defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.").

And since he has been challenged on summary judgment, he must at least support the elements of his case in reasonably coherent fashion before the Court can liberally construe his pro se filings to recognize a legal claim. *See, e.g., Baker*, 406 F. App'x at 422 (district court, in granting state prisoner's petition for federal habeas relief, properly treated prisoner's claim as one alleging violation of substantive due process through Confrontation Clause error, notwithstanding that prisoner's petition did not specify whether he claimed violation of procedural due process, substantive due process, or both; prisoner's claim, subsequent *pro se* reply brief, and counseled memorandum all mentioned and discussed concepts of substantive due process and Confrontation Clause violations); *Jackson v. St. Lawrence*, 2011 WL 2535310 at * 1 (S.D. Ga. Jun. 27, 2011).

Because Brandon has failed to do that, and likewise has failed to controvert the defendants' statement of material facts by filing his own statement of material facts supported by evidence in the record, *see* S.D. Ga. LR 56.1, the defendants' evidentially supported facts are now established. *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008); *see also Cockrell v. Sparks*, 510 F.3d 1307, 1310 n. 2 (11th Cir. 2007) (applying similar local rule in § 1983 action); *Jones v. Gerwens*, 874 F.2d 1534, 1537 n. 3 (11th Cir. 1989); *Gillilan*, 2010 WL 736894 at *3 n. 4.[3]

Applying to those facts the Eighth Amendment, failure-to-protect standards set forth in the Court's prior Order, doc. 15 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Moulds v. Bullard*, 345 F. App'x 387, 391 (11th Cir. 2009); and *Davidson v. Cannon*, 474 U.S. 344, 347 (1986)),[4] the Court must rule in favor of the defendants. They concede

---

[3] The Eleventh Circuit holds *pro se* litigants to local rules governing summary judgment motions. *See Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010); *Galloway v. GA Technology Auth.*, 182 F. App'x 877, 883 (11th Cir. 2006); *Baxter v. Johnson & Freedman, LLC*, 2012 WL 2921799 at * 2 (N.D. Ga. May 10, 2012).

[4] As another court recently explained:

> The Eighth Amendment's prohibition on cruel and unusual punishment imposes upon institutional officials the duty to "'take reasonable measures to guarantee the safety of the inmates' " in their custody. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). It is clear, however, that not every injury suffered by an inmate "translates

that Simmons beat Brandon with a baseball bat but insist Brandon has failed to show anything beyond mere negligence. Doc. 47 at 9. Simmons had won their trust and had been promoted to "gym orderly" status. The prison's baseball bats had been stowed away (softball season had ended), the gym was never overcrowded (500-person capacity, there were 200 that day), and Simmons evidently misused his status to obtain a bat from storage to use against Brandon. Doc. 38-2 at 9; doc. 38-1 at 1-9.

None of the defendants had any knowledge of prior assaults using baseball bats, none believed that Simmons posed a risk of harm, and none had any personal knowledge of any previous bat-assault incidents

---

into constitutional liability for prison officials responsible for [the inmate's] safety." *Farmer*, 511 U.S. at 834; *see also Zatler v. Wainwright*, 802 F.2d 394, 400 (11th Cir. 1986).

"In order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting *Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981). It is only when institutional officials' deliberate indifference to a known danger or risk exposes an inmate to objectively, "sufficiently serious," harm that a constitutional violation occurs. *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("When officials become aware of a threat to an inmate's health and safety, the [E]ighth [A]mendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection.").

*Robinson v. Price*, 2012 WL 1567193 at * 2 (N.D.Ala. Apr. 4, 2012).

by Simmons.[5] Three guards -- including defendants Summers and Prince -- intervened as soon as they heard the commotion and stopped the attack. Doc. 38-1 at 3-5. One defendant, Richard Summers, was walking from the gym floor toward the gym's side office when the attack began. *Id.* at 3-4. As soon as he heard someone exclaiming about the attack, he turned his head, saw it, and ran over to join guard Mark Stafford (who was also nearby, saw Summers run, then joined him) to stop the attack. *Id.* A third guard, defendant Rivers, was inside an adjoining office; she joined in when she heard the commotion. *Id.* at 5. Finally, Brandon sued Barbara Prince and Warden Thalrone Williams, but Prince was not

---

[5] For that matter,

> A danger or risk is "known" only if the institutional official is both "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he ... draw[s] th[at] inference." *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived, but did not," is not sufficient to establish liability on the part of the official. *Id.* at 838. Furthermore, "the known risk of injury must be a 'strong likelihood, rather than a mere possibility.'" *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir.1989) (quoting *State Bank of St. Charles v. Camic*, 712F.2d 1140, 1146 (7th Cir.1983)).

*Robinson*, 2012 WL 1567193 at * 3; *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy), cited in *Griggs v. Boyd*, 2012 WL 1058992 at * 4 (M.D. Ala. Feb. 29, 2012).

8

even at work that day[6] and Warden Williams was not in the gym at that time. *Id.* at 5-6.

Plaintiff does not even allege, let alone show via summary judgment evidence, that he and Simmons had been involved in any previous altercations, that Simmons had made any type of threats against him, or that he had notified prison officials of a specific fear of attack. He points to nothing to suggest that the attack was anything more than a random act of violence, or that any prison official had sufficient advance notice (e.g., a prior history of violence) that Simmons would launch such an attack. Even at that "the known risk of injury must be a strong likelihood, rather than a mere possibility." *Terry v. Bailey*, 376 F. App'x 894, 898 (11th Cir. 2010). Brandon has come nowhere close to showing that.

At bottom, the most Brandon has shown here is mere negligence -- in the defendants' decision to trust Simmons to be an orderly and thus have access to the baseball bat -- which is insufficient. *Davidson*, 474 U.S. at 347. And the unrebutted evidence here shows that the

---

[6] Brandon does not otherwise show that she had any connection to the attack. On these grounds alone she is entitled to summary judgment and thus dismissal from this case.

9

defendants speedily and reasonably intervened. *See Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002) ("an officer is only liable if there is a realistic and reasonable opportunity to intervene" and he fails to do so); *Jones v. Luzerne County Corr. Facility*, 2010 WL 3338835 at *5 (M.D. Pa. Aug. 23, 2010); *Robinson v. Houston County*, 2010 WL 2464901 at * 6 (M.D. Ga. Jun. 24, 2010). Nor has Brandon even come close to establishing supervisorial liability.[7] All remaining defendants[8] are entitled to summary judgment, doc. 38, and this case should be

---

[7] A supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (quotes and cite omitted). Brandon thus has to show an affirmative causal connection between the (in)actions taken by the warden and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir.1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir.1988). And "'the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir.1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999. Brandon has done nothing like that here, and merely implies that the warden acted with *negligence* (which itself is not enough) in supervising his subordinates. That fails as a matter of law. *See Daniels*, 474 U.S. at 330-31.

[8] By prior Order the Court dropped all defendants except those captioned above. Doc. 15 at 10. By clerical oversight some remain on the caption of the Court's docket page for this case. The Clerk is **DIRECTED** to terminate the following captioned defendants: Sergeant Thomas Ammons, Deputy Warden Gregory Thomas, and Sergeant James Deal.

**DISMISSED**. Finally, the Court **DENIES** plaintiff's "Motion to Subpoena Records" as facially frivolous (beyond the fact he is beyond the discovery period, he fails to even hint at what he thinks he might discover from the prison "mail logs" that he references). Doc. 46.

**SO REPORTED AND RECOMMENDED** this <u>15th</u> day of August, 2012.

/s/ J.R. Smith<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA